UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VIVIENNE BEUTELSCHIESS, ET AL.,

    Plaintiffs,

v.                                                            Case No. 3:23-CV-01010-MMH-JBT

GATE PETROLEUM COMPANY,

    Defendants.
_____

### Uniform Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 9/27/2023. Ryan Maxey (for Plaintiffs) and Christopher Wiech (for Defendant) attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 11/10/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 12/27/2023 |

| | | |
|---|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | | |
| | Plaintiff | 3/27/2024 |
| | Defendant | 5/10/2024 |
| | Rebuttal | 6/7/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 8/23/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | 10/11/2024 |
| Deadline for opposing class certification, if applicable. | | 11/25/2024 |
| Plaintiffs' deadline to file reply in support of class certification, if applicable. | | 12/13/2024 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 1/17/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.  Harry R. Schafer, hrs@knpa.com, Four Seasons Tower, 1441 Brickell Ave., Suite 1100, Miami, FL 33131, (305) 381-7469 | | 7/24/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 4/4/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 4/11/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 4/18/2025 |
| Month and year of the trial term. | | 6/20/2025 |

The trial will last approximately 5 days and be

☒ jury.

☐ non-jury.

## 3. Description of the Action

4889-5971-3156.1

Plaintiffs' Description

Plaintiffs, on behalf of themselves and the putative class, allege that Defendant failed to safeguard the personally identifiable information ("PII") of more than 12,000 current and former employees of Defendant.
Plaintiffs allege that the PII was compromised because Defendant collected the PII from current and former employees and then (i) made the PII internet-accessible (regardless of Defendant's belief that any safeguards were adequate), (ii) failed to encrypt sensitive data elements such as Social Security numbers, and (iii) failed to delete the PII Defendant no longer had a reasonable need to maintain.

Plaintiffs allege that the compromised information included names and Social Security numbers.

The causes of action set forth in the complaint include negligence and breach of implied contract.

Plaintiffs have demanded a jury trial.

Plaintiffs filed this action in state court, but Defendant removed it to federal court, presumably believing this Court has jurisdiction and that Plaintiffs have Article III standing, which Defendant expressly declined to challenge in its motion to dismiss.

Defendant's Description

Gate Petroleum contends that Plaintiffs themselves do not allege that they have suffered any actual damages (or cognizable losses) as a result of the incident discussed in the Complaint. Accordingly, Gate Petroleum moved to dismiss Plaintiffs' claims on Rule 12(b)(6) grounds. Gate Petroleum has other defenses, including on the merits at summary judgment and class certification defenses that it intends to raise if the motion to dismiss is not granted in full.

4. **Disclosure Statement**

   ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by

filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

4

4889-5971-3156.1

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☐ Yes.
   ☒ No; instead, the parties agree to these changes: The parties request the discovery schedule set forth in Section 2 above.

   B. Discovery may be needed on these subjects:

   <u>Plaintiffs</u>

   When and how Defendant acquired the PII;

   Any representations that Defendant made to the putative class related to safeguarding the PII;

   The total number of affected individuals whose PII Defendant collected or retained and, for each exposed data element, the total number of these individuals who had such data element exposed;

   Whether Defendant had a reasonable justification for making the PII internet-accessible;

   Whether and to what extent Defendant knew or should have known of the need to encrypt or otherwise safeguard the PII before making it internet-accessible;

   Whether and to what extent Defendant attempted to encrypt or otherwise safeguard the PII before making it internet-accessible;

Whether Defendant had a reasonable justification to retain the PII, including for individuals with whom Defendant had not had a relationship for years;

Whether and to what extent Defendant attempted to delete the PII it no longer had a reasonable justification to retain;

Any logs or other records that documented, or should have documented, access to or copying of the PII from or to the internet;

Any access to or copying of the PII from the internet;

Any unauthorized use or dissemination of the PII;

When and how Defendant discovered the Data Breach;

The details of the PII, including the data fields compromised for each member of the putative class;

The damages to the putative class arising from the Data Breach;

For each member of the putative class, the date such member was last employed by Defendant or otherwise had a relationship with Defendant;

The investigation of the Data Breach, including any assessments, audits, analyses, reports, findings, recommendations, or determinations;

Communications related to the Data Breach;

Any remedial measures considered or implemented after the Data Breach, including the deletion of PII where retention is not justified by a legal duty or reasonable business purpose; and

Any affirmative defenses Defendant raise.

Plaintiffs intend to immediately take discovery related to their standing under Article III, including discovery related to whether the threat actor actually or potentially viewed or acquired Plaintiffs' and Class Members' personal information, given Defendant's removal of this case to federal court, presumably believing this Court has jurisdiction over this matter and that Plaintiffs have Article III standing, which Defendant expressly declined to challenge in its motion to dismiss.

<u>Defendant</u>

The existence and extent of the plaintiffs' alleged injuries;

Other cyber incidents involving plaintiffs or for which they received notice;

Plaintiffs' efforts to safeguard their PII and PHI; and

Any evidence Plaintiffs intend to rely on and opinions and conclusions by their experts.

> Defendant maintains that discovery is premature until its pending motion to dismiss is decided, and its motion to dismiss will not require or depend on discovery from the parties. Moreover, Defendant is not in a position to know what discovery will be needed and on which topics, nor what discovery is proportional to the needs of this case, until the Court rules on its pending motion to dismiss. Defendant reserves the right to seek to stay or modify these deadlines based on its pending motion to dismiss.

C. Discovery should be conducted in phases:

> ☒ No; Plaintiffs submit that discovery should not be conducted in phases. At the least, Plaintiffs should be permitted to immediately take discovery related to their standing under Article III, including discovery related to whether the threat actor actually or potentially viewed or acquired Plaintiffs' and Class Members' personal information, given Defendant's removal of this case to federal court, presumably believing this Court has jurisdiction over this matter and that Plaintiffs have Article III standing, which Defendant expressly declined to challenge in its motion to dismiss.

> ☒ Yes; Defendants submit that discovery related to class certification issues should be commenced first and merits-related discovery stayed until the Court determines whether a class should be certified in this action.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

> ☒ No.
> ☐ Yes; describe the issue(s).

4889-5971-3156.1

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

The parties propose to include a provision under Federal Rule of Evidence 502(d) as part of their request for entry of a protective order covering the disclosure of confidential information.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ Julie Singer Brady*
Christopher A. Wiech (*pro hac vice*)
cwiech@bakerlaw.com
Georgia L. Bennett (*pro hac vice*)
gbennett@bakerlaw.com
BAKER & HOSTETLER LLP
1170 Peachtree Street, Suite 2400
Atlanta, GA  30309-7676

*/s/Patrick A. Barthle*
Patrick A. Barthle
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
pbarthle@ForThePeople.com

| | |
|---|---|
| Telephone:     404.459.0050 | |
| Facsimile:     404.459.5734 | Ryan Maxey |
| | **Maxey Law Firm, P.A.** |
| Julie Singer Brady | 107 N 11th St., Suite 402 |
| Florida Bar No. 389315 | Tampa, Florida 33602 |
| jsingerbrady@bakerlaw.com | (813) 448-1125 |
| BAKER & HOSTETLER LLP | ryan@maxeyfirm.com |
| 200 South Orange Avenue, Suite 2300 | |
| Orlando, FL  32801 | *Counsel for Plaintiffs and the Class* |
| Telephone: 407.649.4000 | |
| Facsimile: 407.841.0168 | |

*Counsel for Defendant*

4889-5971-3156.1