# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

VIVIENNE BEUTELSCHIESS, RONDA DEGROFT, and BRITTNEY RESPESS, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

GATE PETROLEUM COMPANY,

    Defendant.

Case No. 3:23-cv-01010-RKE-JBT

## PLAINTIFFS' AND DEFENDANT'S JOINT MOTION TO TEMPORARILY STAY PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs Vivienne Beutelschiess, Ronda DeGroft, and Brittney Respess ("Plaintiffs") and Defendant Gate Petroleum Company ("Defendant") (collectively, the "Parties"), under Federal Rule of Civil Procedure 6(b), move the Court for entry of an order temporarily staying this action for 90 days pending the outcome of mediation and, if necessary, resetting the remaining case deadlines by 90 days. In support of their motion, the Parties state as follows:

1. Defendant filed its Notice of Removal, removing the case to this Court, on August 25, 2023. (Dkt. 1.)

2. Defendant filed its Motion to Dismiss Class Action Complaint and Incorporated Memorandum of Law on September 22, 2023 (Dkt. 11), and Plaintiffs filed their Response in Opposition to Defendant's Motion to Dismiss Class Action

Complaint on October 13, 2023. (Dkt. 23.) The motion is currently pending before the Court.

3. On October 6, 2023, the Court adopted, with slight modification, the Uniform Case Management Report (Dkt. 19) submitted by the Parties. The Case Management and Scheduling Order and Referral to Mediation governs these proceedings. (Dkt. 22.)

4. The Parties have engaged in discovery, including exchanging discovery requests, responses, and productions, and Plaintiffs have taken the Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant. The Parties have also been working to resolve this litigation extrajudicially.

5. Pursuant to the Court's Order, the Parties are working to schedule a mediation in the coming month, specifically for a date in mid-April with mediator Mr. Harry Schafer.

6. The Parties respectfully submit that a temporary stay of proceedings, including the upcoming deadlines for disclosing expert reports, would permit the Parties to focus their resources on potential resolution of the dispute without unnecessarily delaying the case schedule.

7. Should the Court grant the stay, within ten days of completion of the mediation, the Parties will submit a status report to inform the Court of the outcome of mediation.

## MEMORANDUM OF LAW

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Ferrari v. N. Am. Credit Servs., Inc.*, 585 F. Supp. 3d 1334, 1336 (M.D. Fla. 2022) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Id.* (quoting *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

A limited stay of this proceeding for the Parties to focus on extrajudicial settlement efforts would conserve judicial resources and provide for the efficient administration of this action. Deferring the case deadlines, which may all become moot should mediation be successful, would benefit the Parties and Court and avoid unnecessary filings and expense. Moreover, the Parties do not seek to needlessly delay this case. In fact, this is the Parties' first request for a temporary stay and to modify the case schedule in the Court's Case Management and Scheduling Order. Thus, the Parties submit that good cause is shown for the requested 90-day stay of proceedings.

## CONCLUSION

Accordingly, the Parties respectfully request that this Court enter an order temporarily staying the proceedings pending the outcome of mediation.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Plaintiffs and Defendant agree on the relief requested in this joint motion.

Dated: March 20, 2023

**Submitted by:**

/s/ *Christopher A. Wiech*
Christopher A. Wiech
cwiech@bakerlaw.com
Georgia L. Bennett
gbennett@bakerlaw.com
**BAKER & HOSTETLER LLP**
1170 Peachtree Street, Suite 2400
Atlanta, GA 30309-7676
Telephone: 404.459.0050
Facsimile: 404.459.5734

Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
Facsimile: 407.841.0168

*Counsel for Defendant*

/s/ *Ryan Maxey*
*(Signed with express permission)*
Patrick A. Barthle
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
pbarthle@ForThePeople.com

Ryan Maxey
**MAXEY LAW FIRM, P.A.**
107 N. 11th St., Suite 402
Tampa, Florida 33602
(813) 448-1125
ryan@maxeyfirm.com

*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Christopher A. Wiech*
Christopher A. Wiech
